# SANDERSON LYON *et al.*

*v.*

# WILLIAM KAIN.

1. LIMITATION ACT OF 1839—*concurrence of payment of taxes and color of title.* Where land is conveyed by deed to a party, in trust for the real owner, with whose money it was purchased, so that color of title is vested in the trustee, the land being vacant and unoccupied, a payment of the taxes after such color of title is acquired, either by the trustee or the *cestui que trust,* will be regarded as a payment under such title, as required by the second section of the act of 1839; and in such case it is immaterial whether the receipts for the taxes were given in the name of the trustee or of the *cestui que trust.*

2. FORMER DECISIONS. *Dunlap* v. *Dougherty,* pronounced an extreme case, against concurrence of payment and color; *Chickering* v. *Failes,* 26 Ill., 521; *Same* v. *Same,* 38 Ill., 345, cited.

APPEAL from the Circuit Court of McDonough county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

This was an action of ejectment, brought by William Kain against Sanderson Lyon and John W. Lyon, to recover lands in his declaration specified. The defendant pleaded the general issue.

The cause was tried by the court without a jury. The plaintiff derived title through a chain of conveyances deduced from the patentee, and rested.

The defendants gave in evidence a deed from the auditor of this State to Stephen B. Munn, dated November 8th, 1833; after a number of conveyances, this title finally passes to Lucius Kingman, Sept. 1st, 1845; Kingman, Sept. 19th, 1856, conveys to Hinchman and Loomis, and from these the title passes to Sanderson Lyon, one of the appellants. Defendants below claimed that while the title was in Lucius Kingman, he paid the taxes for seven consecutive years, and that such payments under his title created a bar under the statute. Proof was

then made that the land in dispute had been vacant and unoccupied until Nov. 15th, 1856.    Defendants then read the deposition of Lucius Kingman, to the effect that he bought the land with the money of John Tillson, who is dead ; that ne held the legal title in trust for said Tillson ; that Tillson kept money with deponent with instructions to keep the taxes paid, and sell the land when a good opportunity offered.  Witness testified that he sometimes went to McDonough county to pay the taxes, and sometimes employees of his office were furnished means and went there.    Witness dentified the receipts, and they were made exhibits.    His agents, of whom he speaks above, were Charles Morton and John Tillson.  Morton from 1844 to 1850, inclusive ;  Tillson from 1851 to 1856.    Both are dead ;  did not know of the payment of the taxes, except from the fact that he furnished the money and received the receipts.  Eight receipts were then admitted for the years of 1846–47–48–49–50–51–52.    The first two acknowledged the receipt of the taxes for the land in controversy, from Lucius Kingman.    The next three acknowledged the receipt from Tillson;  the last three acknowledged the receipt from Lucius Kingman.

Plaintiff then introduced the deposition of O. H. Miner, which destroyed the *prima facie* title on the tax sale made by deed to S. B. Munn.    It was conceded that defendants' title was only colorable, and must fail unless protected by the statute of limitations ;  and the only question was, whether the payments made, sometimes by Tillson and sometimes by Kingman, were such payments as fulfilled the requirements of that act.    The court below gave judgment for the plaintiff, and to reverse that decision this appeal is taken.

Mr. C. F. WHEAT, for the appellants.

To make a good defense under section two of the act of 1839, it is necessary to establish four things :

1st. That the land was vacant and unoccupied during the time the limitation is running.

2nd. Color of title.

3d. That the taxes be paid for seven successive years under such color of title.

4th. That possession of the land be taken by some person claiming under such color.

As to the first, second and fourth points, there is no controversy here, and the only question to determine is, did Kingman pay the taxes on said land for seven successive years, while he held the color of title.

Receipts for taxes are, on their face, evidence of two facts : 1st. That the taxes on the land described were paid. 2d. That they were paid by the person named in the receipt. Though on these points the receipts are not conclusive—" Like other receipts, they are susceptible of explanation." *Hinchman* v. *Loomis,* 23 Ill., 188. *Rand* v. *Scofield,* 43 Ill., 167.

The receipts for the taxes for the years 1845, 1846, 1850, 1851 and 1852 are sufficient evidence of themselves (and are uncontradicted), that Kingman did pay the taxes for those years, because they are taken in his name.

The receipts for the taxes for the years 1845, 1846 and 1849, are evidence, (uncontradicted), that the taxes were paid for those years. These receipts are in the name of John Tillson, and the only question in the case is, have we explained and shown under whose " color of title ' these taxes were in fact paid.

It cannot be reasonably asserted that these taxes were paid by a stranger to this claim of title, or under an adverse claim. *Cofield* v. *Furry* 19 Ill., 187. Payment made by the *cestui que trust* has the same effect as payment made by the trustee. *Ibid.*

The real question is, on whose account the taxes are paid, and if on the account of the person holding the title, it is sufficient. *Rand* v. *Scofield,* 43 Ill., 167.

Mr. JOHN S. BAILEY, for the appellee.

1st. The defendant must establish that he, or those under whom he claimed title, had color of title, made in good faith, and paid all the taxes legally assessed against the land for seven consecutive years, and that the land during that time was vacant and unoccupied. Revised Statutes, 1845, sec. 9, p. 104.

2nd. These facts must be proved by a preponderance of proof and under the ordinary rules of evidence. *Irwin* v. *Miller*, 23 Ills., 402.

3d. It is made the duty of the officer collecting the taxes to give a receipt for the same, specifying: 1st. A description of the property. 2nd. The amount paid. 3d. For whom paid. Revised Laws, 1845, sec. 41, p. 44.

This receipt is evidence of the facts therein contained, and not only evidence but statutory evidence, and if not conclusive, ought to be stronger than the testimony of a witness speaking of his recollection of events which had transpired long years before.

4th. This receipt is also a muniment of title, seven of which for seven consecutive years, with color of title made in good faith, uniting.in the same person, upon vacant and unoccupied land, make a defensive title to the land; hence the importance of having the receipt in accordance with the fact. *Dunlap* v. *Dougherty*, 20 Ill., 397; *Dawley* v. *Vancourt*, 21 ib., 460; *Bride* v. *Watt*, 23 ib., 512; *Hinchman* v. *Whetstone*, 23 ib., 188; *Chickering* v. *Failes*, 26 ib., 507; *Fell* v. *Cessford*, 26 ib., 524; *Dickenson* v. *Breeden*, 30 ib., 279.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

On the 1st of September, 1845, Nevins and Alstine, then holding a tax title to the premises in controversy, conveyed

it, together with their title to various other tracts, to Lucius Kingman. The money for the purchase was furnished by John Tillson, and Kingman took the title as his trustee, under an agreement to keep the taxes paid, sell the lands, and account to Tillson for the proceeds, after deducting taxes, commissions and other charges. Kingman conveyed to Hinchman & Loomis, in 1856, and they to the defendant in this suit, in 1858. This, together with seven years payment of taxes by Kingman, from 1846 to 1853, while the land was unoccupied, was the title relied upon by the defendant in this suit in the circuit court. The court held that it did not create a bar under the statute of limitations, and gave judgment for the plaintiff.

It is urged by the counsel of appellee that the payment of taxes and the color of title, did not concur, and the case of *Dunlap* v. *Dougherty*, 20 Ill., 400, is cited as in point. In that case, the taxes for two years out of the seven, were paid by Folwell, who claimed under contract of purchase, the land being unoccupied. It does not appear that he was bound to pay by the terms of his purchase, or that he paid in behalf of his vendor, or as agent. He did not receive his deed until the lapse of two years after his first payment. The court held that while such a payment would have been good under the eighth section of chapter 24, of the Revised Statutes, it was not good under the ninth, and the distinction between the sections has been recognized in several subsequent cases. But in the case of *Chickering* v. *Failes*, 26 Ill., 521, the court say: "To have rendered the payment of taxes in the name of the executors available, it should have appeared that the will vested in them some title, or, at least, required them to pay the taxes until the estate was settled." This was said in reference to the ninth section, and when the same case was again before the court, as reported in 38 Ill., 345, the court, speaking still in reference to the ninth section, say, the payment may be made either by the trustee or *cestui que trust,* "so that the

person making the payment be connected with the color of title, and make the payment under that title." The case of *Dunlap* v. *Dougherty* must, therefore, be regarded as an extreme case.

The case before us is, in principle, more like that of *Chickering* v. *Failes*. It is, indeed, a plainer case than that, but, under the rule laid down in that case, payment, either by Kingman or Tillson, was good. In either case, the payment would be under the legal title held by Kingman in trust for Tillson. But, although the receipts for three years were in the name of Tillson, the evidence of Kingman shows that he was a land agent in Quincy, and that the taxes were, in fact, paid every year, either by himself in person, or by agents sent by him. He furnished the money and charged it to Tillson, without reference to the state of the accounts between them. He held the land as trustee, and paid the taxes in that capacity, and there was thus a concurrence of title and payment of taxes. It was immaterial in whose name the receipt was given. The taxes were, in fact, paid directly by Kingman, but indirectly by Tillson, to whom they were ultimately charged in the accounts of the trustee, and, in either point of view, they were paid in virtue of the title held by one for the use of the other. It was the same thing as if a guardian to whom land had been devised in trust for his ward, should pay the taxes and charge them to his ward's account. It would be immaterial whether the receipt was in the name of the guardian or ward. The title and payment of taxes would concur. On the evidence in this record, the judgment should have been for the defendant in the circuit court.

*Judgment reversed.*